In re LAMPLITE LIMITED PARTNERSHIP, Debtor.

WEST POINTE LIMITED PARTNERSHIP, et al.,
Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Jack Kemp, Secretary, et al.,
Defendants.

In re PARK RIDGE APARTMENTS LIMITED PARTNERSHIP, Debtor.

WEST POINTE LIMITED PARTNERSHIP, et al.,
Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Jack Kemp, Secretary, et al.,
Defendants.

In re NORTHWEST VILLAGE LIMITED PARTNERSHIP, Debtor.

WEST POINTE LIMITED PARTNERSHIP, et al.,
Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Jack Kemp, Secretary, et al.,
Defendants.

In re WEST POINTE LIMITED PARTNERSHIP, Debtor.

WEST POINTE LIMITED PARTNERSHIP, et al.,
Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Jack Kemp, Secretary, et al.,
Defendants.

In re GRANDVIEW HILLS LIMITED PARTNERSHIP, Debtor.

WEST POINTE LIMITED PARTNERSHIP, et al.,
Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Jack Kemp, Secretary, et al.,
Defendants.

Bankruptcy Nos. 90–04330–BKC–JJB, 90–04329–BKC–JJB, 90–04327–BKC–JJB, 90–04326–BKC–JJB and 90–04328–BKC–JJB.

Adv. Nos. 90–0286–BKC–JJB to 90–0290–BKC–JJB.

United States Bankruptcy Court, E.D. Missouri, E.D.

Nov. 15, 1990.

**576**

Gerald A. Rimmel, Thomas M. Blumenthal, Clayton, Mo., for debtors/plaintiffs.

Randall Cahill, Asst. U.S. Atty., Donald F. Flint, St. Louis Office Region VII, St. Louis, Mo., for U.S. Dept. Housing & Urban Dev.

Lloyd A. Palans, St. Louis, Mo.

Carl J. Spector, St. Louis, Mo., for Gannon Management Co.

Alan Goldstein, Goldstein and Price, St. Louis, Mo., for Mellon Financial Services Corp. and Mellon Financial Services Corporation # 9.

## CONSOLIDATED ADVERSARY PROCEEDINGS

JAMES J. BARTA, Bankruptcy Judge.

### FINDINGS AND CONCLUSIONS AND ORDERS

At Saint Louis, in this District, this 15th day of November, 1990.

The expedited hearing upon the Plaintiffs' motion for a preliminary injunction was called on October 11, 1990. Counsel for the Debtors appeared and presented oral argument upon the record in support of the motion. Counsel for the Government/Defendants appeared and presented oral argument in opposition to the request for injunctive relief. Upon consideration of the record as a whole, including a review of the case authority presented at this hearing, the Court announced its determinations and orders from the bench. By agreement of the parties, these five adversary proceedings are consolidated for all purposes to the extent possible.

■ The question to be considered initially deals with the extent to which the Government National Mortgage Association ("GNMA") is subject to the injunctive powers of the Federal law. The operative language of Section 1723a(a) of Title 12 of the United States Code, which refers to the statutory waiver of sovereign immunity for certain agencies including GNMA is as follows:

> .... shall have the power to ... sue and be sued.... but that no attachment, injunction, or other similar process, mesne or final shall be issued against the property of [in this case GNMA] or against [in this case GNMA] with respect to its property.

As the Court has interpreted the pleadings here, the Debtors are requesting injunctive relief against GNMA and not against the property of GNMA, and not against GNMA with respect to its property. The statutory text quoted above appears to provide a limited range of immunity for agencies such as GNMA. "Unfortunately, the range of immunity and the purpose for its provision is not made clear from either the text of the statute or its legislative history." *Orrego v. U.S. Dept. of Housing and Urban Development*, 701 F.Supp. 1384, 1398 (N.D.Ill., 1988).

However, in deciding the issues here, the Bankruptcy Court has been persuaded by the reasoning and rationale set out in the cases cited by the Debtors in this matter, specifically, *Fox v. HUD*, 532 F.Supp. 540 (D.C.Pa.1982) and *Orrego v. HUD*, 701 F.Supp. 1384. At Section 1723a(a) of Title 12, Congress appears to have intended to waive the protections of the doctrine of sovereign immunity with respect to GNMA in certain situations, and limit the anti-injunction provisions of the statute with respect to GNMA and similarly situated agencies. These Courts have reasoned

that Congress intended the anti-injunction provisions to extend only to *in rem* actions, and did not intend a greater immunity for GNMA in this case than that which is available to other federal agencies. In referring to Section 1723a(a), the *Orrego* Court stated that Congress' reaction to earlier judicial holdings did not grant complete immunity from actions grounded in federal statutory law, but instead provided for a limited range of protection against what the Court in that case referred to as incidental state equity claims. *Orrego*, supra, at 1399. The Debtors' action in this Complaint is grounded in federal statutory law.

The pleadings and the arguments in this matter have suggested that the Debtors' complaints is not limited to a request for an injunction against GNMA with respect to its property. To the extent that this is suggested by the pleadings, therefore, these Debtors are not prohibited by Section 1723a(a) or the other anti-injunction sections from proceeding with their requests for injunctive relief against GNMA.

■ However, solely for the purposes of this proceeding, the Court has accepted those of the Debtors' fact pleadings and allegations in the complaints and in the motion for preliminary injunctive relief which are in support of the request for injunctive relief as correct without a requirement of further testimony or evidence. Notwithstanding this acceptance, the Court has concluded that as a matter of law and fact any damages which may be suffered by the Debtors as a result of GNMA's actions are compensable at law. Therefore, without proceeding further by requiring testimony or other evidence on the record, the Court has concluded that the Debtors have not shown a sufficient connection between the purported actions of GNMA and any supposed damage or injury that will result to these Debtors such that such damage or injury is irreparable unless this injunctive relief is granted.

Therefore, in the circumstances here, these pleadings do not present a basis upon which the Court may grant a preliminary injunction at this time. Although the De-

fendants are not immune from the injunctive relief requested here, the facts and circumstances do not warrant the entry of a preliminary injunction.

These findings and conclusions and orders do not address the substantive questions of the Debtors' complaints for relief to the extent that such complaints seek more than preliminary injunctive relief. The Debtors may be entitled to a trial upon these issues. Therefore,

IT IS ORDERED that the Defendants' motion to dismiss these consolidated complaints upon the doctrine of sovereign immunity is DENIED.

IT IS FURTHER ORDERED that the Debtors' request for a preliminary injunction against GNMA to prevent the transfer or payment to the security holders in this case of the money received from the FHA on four properties until further order of this Court is DENIED. Those four properties are all of the properties described in these proceedings except that described as Grandview (Case No 90–04328).

IT IS FURTHER ORDERED that the Debtors' request to enjoin FHA from paying the insurance on Grandview and to enjoin GNMA from assigning the mortgage on Grandview until further order of this Court is DENIED; and that the Debtors' request to enjoin GNMA from in any manner drawing upon the fund described as the indemnification escrow until further order of this Court is DENIED.

IT IS FURTHER ORDERED that the Debtors' requests for an accounting and turnover of certain money as set out in Paragraphs F, G and I of these complaints be considered at a hearing on *December 10, 1990 at 10:00 a.m. in Bankruptcy Court No. 1, United States Court House, 1114 Market Street, 7th Floor, St. Louis, Missouri;* and that the Defendants' motion and supporting memorandum with respect to these requests is to be filed *NOT LATER THAN OCTOBER 29, 1990;* and that the Debtors' response thereto is to be filed *NOT LATER THAT NOVEMBER 9, 1990;* and that any reply by any party is to be filed *NOT LATER THAN NOVEMBER 16, 1990;* and that the matter will thereafter be taken under submission to be ruled upon as quickly as possible by the Court; and

that to the extent that these paragraphs in the complaint do not refer to any Defendants which are added to these proceedings after October 11, 1990, these responses and replies are not mandatory.